**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordani Emil Medrano, | No. CV-24-03142-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Corrections (ADOC); Crystallene Leigh Hernandez; Maria Martinez Renteria; Nayelli Medrano; Tamara Ochoa; Unknown Party Joan "Resident Owner"; Erika Cardenas; Christian Medrano; Anabell Bojorquez; and Christian Martinez, | |
| Defendants. | |

On August 12, 2024, Plaintiff Jordani Medrano filed a pro se complaint and a motion to proceed in forma pauperis ("IFP"). Docs. 1, 2. For reasons stated below, the Court will grant the IFP motion, screen the complaint, dismiss it for failure to state a claim, and grant Plaintiff leave to file an amended complaint.

**I.    IFP Motion.**

Plaintiff avers that he is unemployed and has no income, assets, or home. Doc. 2 at 1-5. Plaintiff has shown that he cannot pay or give security for fees and costs and still provide himself with life's necessities. *See Adkins v. E. I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1943). Plaintiff's motion for IFP status will be granted.

**II.   Screening of Complaints in IFP Proceedings.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). "It is . . . clear that section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). A district court dismissing a complaint under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

A complaint must contain a short and plain statement of the claim "showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**III.   Plaintiff's Complaint Fails to State a Claim.**

Plaintiff's complaint fails to state a plausible claim for relief against any named Defendant. The complaint purports to be a non-prisoner complaint for violation of civil rights. Doc. 1 at 1. The complaint names the ADOC as a Defendant in the caption, but contains no factual allegations against the ADOC. *See id.* at 1, 5. Similarly, the complaint states that Plaintiff is bringing suit against federal officials (a *Bivens* claim), but no federal official is a named defendant. *See id.* at 1-3.

The complaint alleges the following in the statement of the claim:

[In August 2022,] Mesa Police Department [and] Phoenix Police [Department] defendants along with units escort harassing to be child

2

> molester demonstrating non-factual statements staging and creating scenes. Corruption is within the Justice Department. Every defendant claims again[st] utilizing biological kids boys/girls of all ages including (step kids) implicating one another undermin[ing] their lead roles.

*Id.* at 5. But the complaint does not name the Mesa Police Department, the Phoenix Police Department, or the Department of Justice as a defendant. *See id.* at 1-3. Nor does the complaint show how the alleged events – which are not described with clarity – give rise to a cognizable civil rights claim against any of the nine individual Defendants.

The complaint therefore fails to state a plausible claim for relief and must be dismissed. *See Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1127; *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir.1996) ("Something labeled a complaint . . . yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

**IV.     Leave to Amend.**

Because the pleading deficiencies could possibly be cured by a revised complaint, the Court will grant Plaintiff an opportunity to amend. *See Lopez*, 203 F.3d at 1127-29. Plaintiff may file an amended complaint by **December 13, 2024**. The amended complaint must be rewritten in its entirety and may not incorporate by reference any part of the original complaint. After amendment, the Court will treat the original complaint as nonexistent. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (explaining that an amended complaint supersedes the original complaint).

For purposes of an amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate, discrete, and numbered paragraphs. Fed. Rs. Civ. P. 8(d)(1), 10(b). Each claim against a defendant or multiple defendants shall be set forth in a separate cause of action (i.e., count one, count two, etc.). *See id.* To be clear, if Plaintiff elects to file an amended complaint,

he must file a short and plain statement of the claims he is asserting, identify the defendants whom he is suing in each claim, and describe the alleged wrongdoing that gives rise to each defendant's legal liability for each claim.

### V. Warnings and Plaintiff's Duties and Responsibilities.

#### A. Plaintiff Must Follow the Rules.

This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Attiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys). Plaintiff therefore is required to become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.[1]

#### B. Address Changes.

Plaintiff must file and serve a notice of any change of address in accordance with Local Rule 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address.

#### C. Possible Dismissal.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik*, 963 F.2d at 1260-61 (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **granted**.

---

[1] The Local Rules are also available on this District's website at http://www.azd.uscourts.gov/local-rules.

2.	The complaint (Doc. 1) is **dismissed** without prejudice for failure to state a claim for relief.

3.	Plaintiff may file an amended complaint by **December 13, 2024**, in compliance with this Order.  If Plaintiff fails to file an amended complaint by that date, the Clerk is instructed to close the case without further order from the Court.

Dated this 18th day of November, 2024.

*David G. Campbell*
David G. Campbell
Senior United States District Judge